United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20326
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                   Plaintiff-Appellee,

versus

KEVIN RAY HALL,

                                   Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-7-1
--------------------

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     We previously affirmed the sentence imposed following Kevin
Ray Hall's resentencing. United States v. Hall, No. 04-20326
(5th Cir. Jan. 14, 2005) (unpublished). The Supreme Court has
vacated and remanded for further consideration in light of United
States v. Booker, 125 S. Ct. 738 (2005). We requested and
received supplemental letter briefs addressing the impact of
Booker.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hall argues that his Sixth Amendment rights were violated because his guidelines range and sentence were increased based on the district court's finding that the firearm he possessed was stolen. He also contends that the district court erred by sentencing him under a mandatory guidelines scheme. Hall asserts that the error in applying the guidelines as mandatory is structural and that prejudice should be presumed.

Hall concedes that his structural error and presumed prejudice arguments are foreclosed and raises them simply to preserve further review. See United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). Because Hall did not raise Sixth Amendment error or the mandatory application of the guidelines as issues before the district court, plain error review applies. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). This court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 731-37 (1993)). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the

error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  <u>Olano</u>, 507 U.S. at 735-36.

To establish plain error under <u>Mares</u>, Hall must demonstrate that the district court would have reached a significantly different result had he been sentenced under advisory guidelines. <u>Mares</u>, 402 F.3d at 521.  As Hall concedes, he cannot make this showing.

In our prior decision, we held that Hall's challenge to the sufficiency of the evidence of interstate commerce was barred by the law of the case doctrine.  Because <u>Booker</u> does not change this result, that portion of our prior decision is reinstated.

The judgment of the district court is AFFIRMED.